UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR,

    Petitioner,

v.

VIRGINIA COMPANY, *et al*.,

    Respondents.

CASE NO. 2:22-cv-01069-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 16, 2022

    Petitioner John Demos is a Washington prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).

    The Court observes that although this case was opened as a federal habeas petition under 28 U.S.C. § 2241, it does not raise claims within the scope of § 2241. Rather, petitioner has filed a "motion for certification to the U.S. Attorney General" in which he seeks to bring an action

REPORT AND RECOMMENDATION - 1

against the United States and other entities for the dismissal of previous lawsuits he has filed in Washington state and federal courts. Dkt. 1, at 3. Moreover, petitioner is in custody pursuant to a state court judgment and the only habeas remedy available to a state prisoner is that afforded by 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Section 2241 generally provides a mechanism for individuals in custody to challenge the lawfulness of their *federal* detention. *See* 28 U.S.C. § 2241(c). Because it is apparent from petitioner's submissions that he is in custody pursuant to a state court judgment, this action cannot proceed under § 2241.

Petitioner cannot proceed with a § 2254 petition because he has not paid the requisite filing fee for this action, nor has he applied to proceed with this action *in forma pauperis* ("IFP"). An Order of this Court provides for the return without filing of any petition by petitioner that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253, or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). As petitioner has submitted no filing fee, the Court recommends that, pursuant to the Court's Order of March 13, 1997, the Clerk be DIRECTED to administratively close this matter. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 16, 2022, as noted in the caption.

Dated this 30th day of August, 2022.

J. Richard Creatura
Chief United States Magistrate Judge